UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| In the Matter of: | : | Chapter 7 |
| | : | |
| BRADFORD GEORGE BROWN, | : | |
| | : | |
| Debtor | : | Case No. 05-30144 RFH |
| | : | |
| BRADFORD GEORGE BROWN, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| ERNEST V. HARRIS, TRUSTEE, | : | Adversary Proceeding |
| | : | No. 07-3021 |
| Defendant | : | |
| | : | |

BEFORE

ROBERT F. HERSHNER, JR.
CHIEF UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Plaintiff:	Bradford George Brown, Pro Se
	73 Myrtle Street
	Sparta, Georgia 31087

For Defendant:	Ernest V. Harris
	Post Office Box 1586
	Athens, Georgia 30603

## **MEMORANDUM OPINION**

Bradford George Brown, Plaintiff, filed with the Court on May 1, 2007, a Demand For Jury. Plaintiff requests a trial by jury in this adversary proceeding.

Plaintiff filed a Complaint contending that Ernest V. Harris, the Chapter 7 trustee of Debtor's bankruptcy estate, "committed more than three million dollars ($3,000,000) of fraud." Plaintiff, in his Complaint, seeks the following:

RELIEF SOUGHT

1. Halt all liquidation and liquidation closing procedures (in place), pending Trustee fraud resolution.

2. Provide immediate evaluation of the amended 1994 and 1995 returns which are attached as Docket Entry ("Doc.") 248.

3. Provide Carol Koehler Ide Index to Plaintiff.

4. Enforce all attached unfulfilled subpoenas, as these will assist greatly to expose all fraud in the primary case.

Attached to Plaintiff's Complaint is a Motion For Injunctive Relief Pursuant To Fraud. In the motion, Debtor describes the fraud allegedly committed by Mr. Harris.

In City of Monterey v. Del Monte Dunes At Monterey, LTD,[1] the United States Supreme Court stated that it is settled law that the Seventh Amendment right to trial by jury does not apply to suits seeking only injunctive relief. 526 U.S. at 719.

---

[1] 526 U.S. 687, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999).

"There is no right to a jury trial, however, when the plaintiffs seek purely equitable relief such as an injunction." CBS Broadcasting, Inc. v. Echostar Communications Corp., 450 F.3d 505, 519 n. 25 (11th Cir 2006) cert denied 127 S.Ct. 945, 166 L.Ed 705 (2007).

"[A] mandatory injunction orders a party to 'take action' and a prohibitory injunction 'restrains' a party from further action." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1307 n. 2 (11th Cir. 1998).

In his Complaint, Plaintiff seeks to halt or restrain Mr. Harris from taking certain actions. Plaintiff also seeks to require (1) that his tax returns be immediately evaluated, (2) that Ms. Ide's index be provided to Plaintiff, and (3) that certain subpoenas be enforced. Plaintiff seeks equitable relief through mandatory injunctions and prohibitory injunctions.

The Court is persuaded that Plaintiff has no right to trial by jury in this adversary proceeding.

An order in accordance with this memorandum opinion will be entered this date.

DATED this 7th day of November, 2007.

   /s/ Robert F. Hershner, Jr.
ROBERT F. HERSHNER, JR.
Chief Judge
United States Bankruptcy Court

3